[Civ. No. 50776. First Dist., Div. Three. Dec. 14, 1981.]

DONALD B. O'CONNELL, Plaintiff and Respondent, v.
VIRGINIA MAE DAYS, as Director, etc., Defendant and Appellant.

COUNSEL

H. Dean Stiles for Defendant and Appellant.

Sheldon L. Greene and Greene, Kelley & Tobriner for Plaintiff and Respondent.

OPINION

WHITE, P. J.—Virginia Days, Director of the Department of Veterans Affairs, appeals from the judgment granting peremptory writ of mandate. ▆ The sole question of law before us is whether petitioner O'Connell's service as a midshipman at the United States Naval Academy between June 30, 1952, and June 1, 1956, qualifies as "active duty" within the meaning of California Military and Veterans Code section 980[1] so as to qualify petitioner for a Cal-Vet home loan. Appellant contends that it does not.

The trial court entered extensive findings of fact and conclusions of law. Finding of fact No. 22 states: "Construing the language of Military and Veteran's [*sic*] Code Sections 980 and 980(f) in light of the usual meaning of the language and in harmony with Military and Veteran's [*sic*] Code Section 100[2] confirms the conclusion that service as a cadet or midshipman at a United States military academy is not short or temporary solely for training." Finding of fact No. 23 states: "Appointment of a person as a cadet or midshipman to one of the military

---

[1]Section 980 provides in pertinent part: "As used in this chapter, 'veteran' means ... any person who served in the active military, naval or air service of the United States for a period of not less than 90 consecutive days or was discharged from the service due to a service-connected disability within such 90-day period, any portion of which was on or after June 27, 1950, and prior to February 1, 1955, ... or in time of peace in a *campaign or expedition for service in which a medal has been authorized by the gov-ernment of the United States,* and received an honorable discharge therefrom or was released from active duty under honorable conditions and who was at the time of his entry into active duty a native of or a bona fide resident of this state .... [¶] This chapter does not include: ... [¶] (f) A person whose service with the armed forces was due to temporary active duty orders for the sole purpose of training duty, processing or a physical examination."

[2]Section 100 provides: "The intent of this code is to conform to all acts and regulations of the United States affecting the same subjects, and all provisions of this code shall be construed to effect this purpose.

service academies is not a 'temporary' appointment for the sole purpose of training duty, processing or physical examination but rather, consistent with the language of relevant provisions of the Federal Code, is unqualified active duty and active military service." From its extensive findings, the court concluded, inter alia: "29. The administrative interpretation of the ... Director of Veteran's [*sic*] Affairs of Military and Veteran's [*sic*] Code §980(f) which denies Cal Vet loans to veterans who were residents of the State of California at the time of entry into the Armed Service and who entered during a qualifying period as specified in Military and Veteran's [*sic*] Code §980 but whose entire service during that qualifying period was as a cadet or midshipman in a Military Academy is patently in conflict with the legislative mandate enunciated in Military and Veterans Code §100 and §980, 980(f) and is void."

We turn first to an examination of the term "active duty" in the federal context. Title 38, United States Code, deals with veterans' benefits. Under general provisions contained in section 101 thereof, we find definitions. That section differentiates between the term "active duty" (subd. (21)) and "active duty for training" (subd. (22)). "Active duty" is defined to include: "(21) ... (D) service as a cadet at the United States Military, Air Force, or Coast Guard Academy, or as a midshipman at the United States Naval Academy; ..." (Pub.L. No. 85-857, 72 Stat. 1106 (Sept. 2, 1958).) For purposes of servicemen's group life insurance, "active duty" and "active duty for training" are again defined in section 765 of title 38. "Active duty" includes: "(1) ... (D) full-time duty as a cadet or midshipman at the United States Military Academy, United States Naval Academy, United States Air Force Academy, or the United States Coast Guard Academy." (Added Pub.L. No. 89-214, § 1(a), 79 Stat. 880 (Sept. 29, 1965).)

Nevertheless, appellant notes that section 1652, subdivision (a)(3)(B), of title 38 specifically excludes service "as a cadet or midshipman at one of the service academies" from the term "active duty," in determining veterans eligible for federal educational assistance. (Added Pub.L. No. 89-358, § 2, 80 Stat. 13 (Mar. 3, 1966).) When section 1652 is read in conjunction with section 1651 of title 38,[3] it is

---

[3]Title 38, United States Code section 1651 provides: "The Congress of the United States hereby declares that the education program created by this chapter is for the purpose of (1) enhancing and making more attractive service in the Armed Forces of the United States, (2) extending the benefits of a higher education to qualified and de-

clear that Congress did not intend prior service as a cadet or midshipman at the service academies to be excluded from active duty and hence eligibility for veterans' benefits, but rather that it looked to the future to enhance the benefits for those individuals whose educational opportunities were interrupted. Our conclusion accords with that of the trial court.[4]

Our views are not altered by an analysis of the state provisions. In 1947, section 899 was added to the Military and Veterans Code and provided: "No veteran, as defined in Section 870 or Section 980 of this code, shall receive educational benefits as provided by this code unless he has served at least 90 days on *active duty* with the armed forces of the United States. This provision shall not apply to a veteran who was discharged due to a service connected disability within said 90 day period." (Stats. 1947, ch. 1130, § 1, p. 2571, italics added.) With the enactment of section 899, a former Director of Veterans Affairs submitted to the Attorney General of this state for his opinion the question: "Are veterans eligible for State educational assistance whose sole wartime military service consisted of participation in the Army Specialized Training Program, or Navy College Training Program, or attendance as a cadet or midshipman at one of the service academies?" (10 Ops.Cal. Atty.Gen. 132 (1947).) The opinion concludes: "Members of the armed forces who were . . . midshipmen at the U.S. Naval Academy were on active duty with the armed forces within the meaning of Military and Veterans Code Section 899, and may therefore qualify for State educational assistance." (*Ibid.*) Section 899 was subsequently repealed. (Stats. 1957, ch. 88, § 4, eff. Sept. 11, 1957.) It is thus apparent that both within the federal and state contexts, O'Connell's service at the United States Naval Academy between June 30, 1952, and June 1,

serving young persons who might not otherwise be able to afford such an education, (3) providing vocational readjustment and restoring lost educational opportunities to those service men and women whose careers have been interrupted or impeded by reason of active duty after January 31, 1955, and (4) aiding such persons in attaining the vocational and educational status which they might normally have aspired to and obtained had they not served their country."

[4] Finding of fact No. 21 states: "The specific exclusion of midshipman and cadets from veteran's [*sic*] higher education benefits does not support Respondent's interpretation inasmuch as persons graduating from the U. S. Naval Academy have already received the benefit of a subsidized higher education which includes professional career training. Therefore, the specific education exclusion has no bearing on eligibility of midshipman for veteran's home loan benefits in the absence of a specific exclusion of midshipman from such benefits in the Federal statutory scheme governing Veteran's [*sic*] benefits.

1956, constitutes "active duty," and he qualifies for a Cal-Vet home loan.

The judgment is affirmed.

Feinberg, J., and Stern, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.